Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: hrafatjoo@pszjlaw.com
        psinger@pszjlaw.com

[Proposed] Attorneys for Right Start Acquisition Company
and Babystyle, Inc., Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br>RIGHT START ACQUISITION COMPANY,[1]<br>Debtor | Case No.: 09-11132<br>Chapter 11<br>(Jointly Administered) |
| In re:<br>BABYSTYLE, INC.[2]<br>Debtor | Case No.: 09-11141<br>Chapter 11<br>(Jointly Administered)<br>**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION OF DEBTORS FOR ORDER LIMITING SCOPE OF NOTICE**<br>[Declaration of Kenton Van Harten Filed Concurrently Herewith or Shortly Thereafter]<br>Date: February 5, 2009<br>Time: 8:30 a.m.<br>Place: Courtroom 302, 3rd Floor<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367<br>Judge: Maureen Tighe |
| ☒ Affects all Debtors. | |

---

[1] The Debtor is Right Start Acquisition Company, a Delaware corporation, Federal Tax ID No. 38-3694284. The Debtor's address is 26635 Agoura Road, Suite 201, Calabasas, CA 91302. A motion for joint administration is filed concurrently herewith.

[2] The Debtor is Babystyle, Inc., a Delaware corporation, Federal Tax ID No. 26-2823922. The Debtor's address is 1901 S. Bundy Drive, Los Angeles, CA 90025. A motion for joint administration is filed concurrently herewith.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, SECURED LENDERS, CREDITORS HOLDING THE THIRTY LARGEST UNSECURED CLAIMS, PARTIES REQUESTING SPECIAL NOTICE AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") the Court for entry of an order limiting the scope of notice of certain matters as set forth herein.

By this Motion, the Debtors seeks, pursuant to Rules 2002(i), 2002(m), 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") an order authorizing the Debtors to limit notice of the Limited Notice Matters (as defined below) to the following parties: (1) the Office of the United States Trustee, (2) counsel for any official unsecured creditors committee appointed in these chapter 11 cases (the "Cases"), or until such time as counsel is named, the creditors appearing on the list filed in accordance with Fed. R. Bankr. P. 1007(d) for the Debtors, (3) the prepetition lenders asserting secured claims; (4) parties that file with the Court and serve upon the Debtors requests for notice of all matters in accordance with Bankruptcy Rule 2002(i), and (5) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter (as defined below) or its counsel. If the relief requested herein is granted, the burden, complication, delay and cost to the Debtors' estates that is associated with administering this case and providing notice of the proceedings in this case to approximately 2,500 parties will be dramatically reduced.

Further, because the Debtors are concurrently with this Motion filing other motions seeking relief in connection with other matters and will in all likelihood file various other motions during the first days of these Cases, the Debtors, pursuant to Local Rule 2081-1,[3] request that this Motion be heard on an emergency basis. Granting the relief requested in this Motion on an emergency basis will benefit the estates immediately as set forth above.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice, the Motion and the attached Memorandum of Points and Authorities, the *Declaration of Kenton Van Harten in*

---

[3] Pursuant to Local Bankruptcy Rule 2081-1(b)(1)(B), no separate motion for an expedited hearing is required.

*Support of First Day Motions* (the "First Day Declaration") filed concurrently herewith or shortly thereafter, the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion. In addition, the Debtors request that the Court take judicial notice of all documents filed with the Court in this Case.

**PLEASE TAKE FURTHER NOTICE** that any opposition or objection to the Motion must be filed with the Court and served on proposed counsel for the Debtors at the above address any time before the hearing or may be presented at the hearing on the Motion at the time and place set forth above. Your failure to timely object may be deemed by the Court to constitute consent to the relief requested herein.

The Debtors will serve this Notice and Motion and the attached Memorandum of Points and Authorities, and the First Day Declaration, on the Limited Service List (as defined in the Memorandum of Points and Authorities). To the extent necessary, the Debtors request that the Court waive compliance with Local Bankruptcy Rule 2081-1(b)(1)(D) and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight delivery. In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtors submit that such notice is sufficient and that no other or further notice be given

**WHEREFORE**, for all the foregoing reasons, and such additional reasons as may be advanced at or prior to the hearing on this Motion, the Debtors respectfully request that this Court enter an order (1) limiting the scope and manner of notice as set forth herein, and (2) granting such other and further relief as is just and proper under the circumstances.

Dated: February 3, 2009                    PACHULSKI STANG ZIEHL & JONES LLP

                                           By     */s/ Hamid R. Rafatjoo*
                                                  Hamid R. Rafatjoo
                                                  Pamela E. Singer
                                                  [Proposed] Attorneys for Right Start
                                                  Acquisition Company, and Babystyle, Inc.,
                                                  Debtors and Debtors in Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The creditor matrices filed by the above-captioned debtors and debtors in possession (the "Debtors") in these chapter 11 cases (the "Cases") contain approximately 2,500 parties in the aggregate and the Debtors anticipate that numerous creditors will assert claims against the estates. Requiring notice to and service upon approximately 2,500 persons and entities will substantially increase the cost of administering the estates without conferring any meaningful benefit on the Debtors' estates. The Debtors submit that the limited scope of notice proposed herein is necessary to avoid the administrative burdens and costs that serving notice of all pleadings on approximately 2,500 parties would impose upon the Debtors while assuring that the interested parties in these Cases receive proper and sufficient notice of all matters.

**II.**

**STATEMENT OF FACTS**

**A.  Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.  General Background**

On February 3, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manages their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these chapter 11 cases (the "Cases").

**C.  Debtors' Business Operations and Events Leading Up to the Filing of These Cases**

The Debtors' business operations and the events leading up to the filing of these Cases are discussed in detail in the First Day Declaration, filed herewith or shortly thereafter. That description is incorporated herein by reference as though set forth fully herein.

**III.**

**ARGUMENT**

**A.     Proposed Limited Notice**

The Debtors request that the Court limit the scope of service of all notices, motions, or applications, including, but not limited to, the following:

1. any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004 (except a sale of substantially all assets of the Debtors);

2. any proposed debtor in possession financing or use of cash collateral;

3. any proposed extension of the Debtors' exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code and Bankruptcy Rule 3016;

4. any proposed approval of a compromise or settlement of a controversy pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3) and 9019;

5. any proposed abandonment or disposition of property of the estates pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);

6. any proposed assumption or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006;

7. any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; and

8. a hearing on any other contested matter in these Cases that require notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules.

Notwithstanding the foregoing, the relief requested in this Motion does not affect the rights of all creditors and parties in interest in these Cases to receive notice of the following matters or proceedings: (i) a hearing on the dismissal or conversion of these Cases; (ii) the time fixed for filing objections to any disclosure statement and any hearing to consider approval of any disclosure

statement; (iii) the time fixed for accepting, rejecting, or objecting to confirmation of a plan or any modification thereof and the hearing thereon; (iv) the entry of an order confirming a plan; and (v) the date fixed for filing proofs of claim.

The notices, motions and applications for which the Debtors seek to limit notice are hereinafter referred to as the "Limited Notice Matters."

**B.      The Court Has Authority to Limit the Scope of Notice**

Bankruptcy Rule 2002(i) provides, in pertinent part, as follows:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

Fed. R. Bankr. P. 2002(i).

In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014, and 9019 each allow this Court to determine those parties to whom the Debtors must provide notice. Given the large number of parties in interest in these Cases, it would be impractical and would impose a large administrative and economic burden upon the Debtors' estates if the Debtors were required to mail notice of every matter in these Cases to all parties listed on the creditor matrices.

**C.      Proposed Notice Procedures**

As permitted by Bankruptcy Rules 2002(i) and (m), the Debtors propose that the Court enter an order that, to the extent allowed, limits the parties upon whom the Debtors must serve the Limited Notice Matters in these Cases. This Order should also designate the manner of service as set forth below regarding all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006 or 6007 and L.B.R. 2081-1. It is well within the Court's authority to regulate notices and to approve the notice procedures proposed by the Debtors. Furthermore, these notice procedures will minimize administrative burdens in these Cases without diminishing creditor participation.

**D.     Service of Limited Notice Matters that Are Not Emergency or Expedited Motions**

Specifically, the Debtors propose that notices regarding the Limited Notice Matters that will be heard on regular notice be served by first class mail upon only: (a) the Office of the United States Trustee; (b) counsel for any official committee appointed in this Case, or until such time as counsel is named, the unsecured creditors appearing on the lists filed in accordance with Fed. R. Bankr. P. 1007(d) by the Debtor; (c) lenders asserting secured claims against the Debtors, or their counsel; (d) parties that file with the Court and serve upon the Debtors requests for notice of all matters in accordance with Bankruptcy Rule 2002(i); and (e) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel (collectively, the "Limited Service List").

**E.     Service of Limited Notice Matters that Require Emergency or Expedited Relief**

Pursuant to L.B.R. 2081-1(b)(1)(D),[4] motions filed in chapter 11 cases that require emergency or expedited relief must be served by personal delivery, messenger, telephone, fax, or email. In some instances service by one of the means listed is not possible within the time frame available or is not practical (*e.g.*, service on a very large group for which the Debtors have no fax or email addresses readily available). The Debtors propose that, in addition to the service methods authorized by L.B.R. 2081-1, service of emergency or expedited Limited Notice Matters by overnight delivery be authorized if such notice will be delivered prior to the scheduled hearing time and that service of emergency or expedited Limited Notice Matters be upon only the Limited Service List.

The above proposed limited notice procedures are necessary and appropriate given that the creditor body is so large and many of the creditors would not be interested in receiving copies of all the Limited Notice Matters but would find service of all these motions wasteful. Requiring notice to, and service upon, so many parties, therefore, would substantially augment the cost and administrative burden on the Debtors, without conferring any meaningful benefit to the Debtors' estates, and would thus diminish the assets ultimately available for distribution to creditors. Further, allowing service of an emergency motion by overnight delivery in the instances outlined above

---

[4] Local Bankruptcy Rule 9075-1, to the extent is still applies to motions filed in chapter 11 case, requires service by fax or hand delivery.

provides the other parties notice of the matter and preserves the Debtors' ability to bring such matters on a timely and efficient basis.

The Debtors submit that such notice constitutes due and sufficient notice of the Limited Notice Matters.

**F.     Service of this Motion**

The Debtors are serving this Motion by email, overnight delivery or facsimile on the Limited Service List prior to the day of the hearing. The Debtors submit such notice is appropriate under the circumstances.

The Debtors note that Local Bankruptcy Rule 2081-1(b)(1)(D) could plausibly be interpreted to require that the Debtors serve all parties on the creditor matrix by personal delivery, messenger, telephone, fax or email with this Motion because the Motion affects their right to receive service of certain notices, motions and applications. As stated above, there are approximately 2,500 parties on the creditor matrices, for which the Debtors have few telephone or fax numbers or email addresses. Serving the Motion by messenger or personal delivery on each of the parties would clearly be cost and time prohibitive.

Further, serving the Motion by overnight delivery on approximately 2,500 parties would be cost prohibitive, defeat the very purpose for which this Motion is filed and would accomplish very little. The vast majority of parties on the list of approximately 2,500 will not be interested in receiving the Limited Notice Matter or this Motion. Also, the Debtors are serving the Limited Service List, which contains the names of the creditors holding the 30 largest unsecured claims in each of the estates as well as the U.S. Trustee. The Debtors submit that service of this Motion as set forth above is sufficient under the circumstances and, in the event that Local Bankruptcy Rule 2081-1(b)(1)(D) actually requires personal delivery, messenger, telephone, fax or email on approximately 2,500 creditors, the Debtors hereby request that the Court waive compliance with said Rule and find that notice of this Motion to the Limited Service List is sufficient and appropriate notice.

If this Motion is granted, the Debtors will provide a copy of the Limited Service List to any creditor or party in interest that requests it.

# IV.
# CONCLUSION

**WHEREFORE**, to facilitate the efficient administration of these Cases, and to reduce the significant costs, delays, and burdens that would be associated with providing notice of all matters in these Cases to all creditors, the Debtors hereby respectfully request that the Court enter an order granting (a) the relief requested herein; (b) finding that notice of the Motion is sufficient under the circumstances; and (c) granting such other and further relief as is just and proper under the circumstances.

Dated: February 3, 2009        PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Hamid R. Rafatjoo*
    Hamid R. Rafatjoo
    Pamela E. Singer
    [Proposed] Attorneys for Right Start
    Acquisition Company, and Babystyle, Inc.,
    Debtors and Debtors in Possession