Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: hrafatjoo@pszjlaw.com
       psinger@pszjlaw.com

[Proposed] Attorneys for Right Start Acquisition Company
and Babystyle, Inc., Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>RIGHT START ACQUISITION COMPANY,[1]<br><br>　　　　Debtor | Case No.: 09-11132<br><br>Chapter 11<br><br>(Jointly Administered) |
| In re:<br><br>BABYSTYLE, INC.[2]<br><br>　　　　Debtor<br><br>☒ Affects all Debtors. | Case No.: 09-11141<br><br>Chapter 11<br>(Jointly Administered)<br><br>**APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL**<br><br>[Declaration of Hamid R. Rafatjoo filed concurrently herewith.]<br><br>[NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)] |

Right Start Acquisition Company ("Right Start") and Babystyle, Inc. ("Babystyle"), the debtors and debtors in possession herein (collectively, the "Debtors"), hereby file this application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP (the "Firm"), whose business offices are located at 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067, as

---

[1] The Debtor is Right Start Acquisition Company, a Delaware corporation, Federal Tax ID No. 38-3694284. The Debtor's address is 26635 Agoura Road, Suite 201, Calabasas, CA 91302.

[2] The Debtor is Babystyle, Inc., a Delaware corporation, Federal Tax ID No. 26-2823922. The Debtor's address is 1901 S. Bundy Drive, Los Angeles, CA 90025.

74584-002\DOCS_SF:64081.3

1

Debtors' general bankruptcy counsel. This Application is brought pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1. In support of the Application, the Debtors respectfully represent as follows:

1. On February 3, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manages their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these chapter 11 cases (the "Cases").

2. The factual background relating to the Debtors' commencement of these Cases is set forth in detail in the *Declaration of Kenton Van Harten in Support of Emergency Motions*, filed on February 4, 2009, and is incorporated herein by reference.

3. The Debtors seek Court approval to retain the Firm, effective as of the Petition Date, at the expense of the Debtors' estates, to provide the legal services that will be required to prosecute these chapter 11 cases. The Debtors desire to retain the Firm because of its particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to debtors in a great number of chapter 11 cases and to a wide range of debtors in various industries, including, dozens of cases before this Court. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing individual creditors, special interest committees, asset purchasers, and investors in both in and out of court restructurings. A copy of the resume of the Firm's attorneys expected to provide services in this matter is attached hereto as **Exhibit A**. The Firm's depth of experience in bankruptcy makes it particularly qualified to represent the Debtors Therefore, the Debtors believe that the Firm's retention is in the best interest of the estates.

4. The Firm's services for the Debtors are necessary to enable the Debtors to execute duties as debtors in possession, including maximizing value to their creditors. Subject to further order of this Court, and without being exclusive, the Firm proposes to render the following types of legal services to the Debtors:

74584-002\DOCS_SF:64081.3

2

a.  Advise the Debtors on the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United States Trustee pertaining to the administration of the Debtors estates (the "Estates");

b.  Prepare motions, applications, answers, orders, memoranda, reports, and papers, etc., in connection with the administration of the Estates;

c.  Protect and preserve the Estates by prosecuting and defending actions commenced by or against the Debtors and analyzing, and preparing necessary objections to, proofs of claim filed against the Estates;

d.  Investigate and prosecute preference, fraudulent transfer, and other actions arising under the Debtors' avoiding powers; and

e.  Render such other advice and services as the Debtors may require in connection with these Cases.

5.  Before the filing of these Cases, the Debtors provided the Firm with a $250,000 retainer. Of this $250,000 total retainer amount, $190,000 was set aside as a post-petition retainer and $60,000 was set aside as a pre-petition retainer. The Firm applied $48,558 in pre-petition fees against the pre-petition retainer and has $11,442 remaining in the pre-petition retainer to cover those pre-petition expenses which cannot be accounted for until some time during the post-petition period. Upon completion of its reconciliation of all pre-petition expenses, the Firm will "true-up" its bill, apply those expenses against the pre-petition retainer, and add any amounts remaining after the "true-up" to the post-petition retainer (the "Retainer").

6.  There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with the Cases, except insofar as such compensation may be shared among the partners, of counsel, and associates of the Firm.

7.  The Retainer is not a fixed price for counsel's services, and the Firm reserves the right to seek additional compensation beyond the amounts covered by the Retainer in accordance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

8.  To the best of the Debtors' knowledge and based upon the Declaration of Hamid R. Rafatjoo ("Declaration") attached hereto, neither the Firm nor any of its partners, of counsel, or

74584-002\DOCS_SF:64081.3

associates has any connection with the Debtors, any creditors of the estates, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth in the Declaration.

9. To the best of the Debtors' knowledge and based upon the attached Declaration, neither the Firm nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

10. To the best of the Debtors' knowledge and based upon the attached Declaration, neither the Firm nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors.

11. To the best of the Debtors' knowledge and based upon the attached Declaration, neither the Firm nor any of its partners, of counsel, or associates has any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason. Accordingly, the Firm and its partners, of counsel, and associates are "disinterested persons" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

12. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and this Court's rules, the Debtors propose to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The attorneys currently expected to be principally responsible for the Cases, and their respective hourly rates effective as of January 1, 2009, are as follows: Hamid R. Rafatjoo ($525) and Pamela E. Singer ($495). The hourly rate for Patricia J. Jeffries, the paralegal assigned to the Cases, is $225. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached hereto as **Exhibit B**.

13. It is contemplated that the Firm will seek interim compensation during the Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016,

Local Bankruptcy Rule 2016-1, and the *Guide to Applications for Retainers and Professional and Insider Compensation* issued by the Office of the United States Trustee; provided, however, the Firm intends to draw down on the Retainer, on a monthly basis, in accordance with and upon compliance with the pertinent provisions of the *Guide to Applications for Retainers and Professional and Insider Compensation* regarding the submission and service of professional fee statements.

14. Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and served upon the Debtor, its proposed counsel, and the United States Trustee no later than 15 days from the date of service of notice of the filing of the Application.

15. Notice of filing of this Application was provided, in the form attached hereto as **Exhibit C**, to counsel for the Official Committee of Unsecured Creditors, the Office of the United States Trustee, the Debtors' purported secured creditors, and any party who filed and served a request for special notice as of the date of service of the Notice. A copy of the proposed order approving this Application is attached hereto as **Exhibit D**.

**WHEREFORE**, the Debtors request that this Court approve the employment of Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel, as of the commencement of the Cases, to render services as described above, with compensation to be paid by the Estates as an administrative expense in such amounts as this Court may hereafter determine and allow.

Dated: March 2, 2009           RIGHT START ACQUISITION COMPANY,
                               BABYSTYLE, INC.


                               By    */s/ Jeany Pfaff*
                                     Jeany Pfaff
                                     Chief Financial Officer

74584-002\DOCS_SF:64081.3

# Exhibit A

# **Exhibit A**



**Hamid R. Rafatjoo**

Mr. Rafatjoo specializes in insolvency and corporate restructurings, either through an out-of-court workout process or through a bankruptcy filing. In 2007 and 2008, Mr. Rafatjoo was named a "Super Lawyer" in a region-wide peer survey, a honor bestowed on only 5% of Southern California attorneys, and he holds an AV Peer Rating, Martindale-Hubbell's highest peer recognition for ethical standards and legal ability. He is a graduate of the UC Irvine and received his J.D. from Loyola University School of Law.

**Professional Affiliations**

- Member, Orange County Bankruptcy Forum Board of Directors
- National board member, Iranian American Bar Association.
- Alternate Lawyer Representative to the Ninth Circuit Judicial Conference.
- Member, U.S. Bankruptcy Court, Central District of California Long Range Planning Committee (2005-06).

**Publications**

- Assistant editor, *Norton Bankruptcy Law and Practice*.
- Contributing author, *Wiley Bankruptcy Law Update* (2002).

**Transactions**

- Roman Catholic diocese cases: Since 2004, Mr. Rafatjoo has been involved nationally in representing official creditors' committees representing the survivors of childhood sexual abuse, in the bankruptcy cases filed by Roman Catholic Dioceses of Spokane, Washington; Davenport, Iowa; San Diego, California; and Fairbanks, Alaska. Mr. Rafatjoo has also represented such victims in cases where the parties were able to reach a resolution out of court.
- Chapter 11 debtors: Mr. Rafatjoo represented Baldwin Builders/Baldwin Building Contractors, Medieval Times Entertainment, Homelife Furniture, and Crown Simplimatic Inc. in their chapter 11 cases. He has also represented hotel owners, real estate developers, retailers and manufacturers.
- Creditors' committees: Landsource Communities Development, Powerplant Maintenance Specialists, SeraCare Life Sciences, and National R.V. Inc.
- Convenience store cases: Mr. Rafatjoo represented the creditors' committee in Caribbean Petroleum, the leading distributor of gasoline and petroleum products in Puerto Rico, with an interest in 211 retail service stations, 1,500 employees, and approximately $412 million in sales. Mr. Rafatjoo also represented the creditors' committee in the Duke & Long Convenience Holdings and Convenience USA bankruptcy cases, which collectively owned an operated over 500 locations across ten states.

**Pamela E. Singer**

Ms. Singer represents debtors and creditors in chapter 11 cases. She also litigates claims objections, contested matters, and adversary proceedings, including fraudulent conveyances, preferences, relief-from-stay motions, nondischargeability actions, trustee motions, and the entire range of litigation matters that arise in bankruptcy cases. She is a graduate of Dartmouth College and received her J.D. from Cornell Law School. She also attended Leningrad State University and speaks Russian. She holds an AV Peer Rating, Martindale-Hubbell's highest peer recognition for ethical standards and legal ability. Ms. Singer is admitted to practice in Oregon and California, and is a resident in our San Francisco office.

**Publications**

- "New Meaning of Ordinary: Anything Short of Extraordinary," 13 Bankruptcy Litigation 1 (Winter/Spring 2006).
- "BAPCPA Headaches Await," 19 BCD Weekly News & Comment No. 19 at 5 (Jan. 10, 2006)(comment on section 547 amendments).
- "Equitable Subordination in Bankruptcy," 6 For the District of Oregon 2 (Federal Bar Ass'n, Oregon Chapter; Fall 2001).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

74584-002\DOCS_SF:64081.3    1

# **<u>Exhibit B</u>**

**Exhibit B**
**HOURLY BILLING RATES FOR ATTORNEYS AND PARALEGALS OF**
**PACHULSKI STANG ZIEHL & JONES LLP**
**EFFECTIVE January 1, 2009**

| Attorneys | Billing Rate |
|---|---|
| Richard M. Pachulski | $850.00 |
| James I. Stang | $795.00 |
| Dean A. Ziehl | $795.00 |
| Laura Davis Jones | $795.00 |
| Robert J. Feinstein | $795.00 |
| Brad R. Godshall | $775.00 |
| Jeremy V. Richards | $775.00 |
| Robert B. Orgel | $750.00 |
| Ira D. Kharasch | $750.00 |
| Alan J. Kornfeld | $725.00 |
| Richard J. Gruber | $695.00 |
| David J. Barton | $695.00 |
| Debra Grassgreen | $695.00 |
| John A. Morris | $695.00 |
| Iain A.W. Nasatir | $675.00 |
| Henry C. Kevane | $675.00 |
| Andrew W. Caine | $675.00 |
| Jeffrey N. Pomerantz | $675.00 |
| Stanley E. Goldich | $675.00 |
| James E. Mahoney | $650.00 |
| James K.T. Hunter | $650.00 |
| Linda F. Cantor | $650.00 |
| Kenneth H. Brown | $650.00 |
| David M. Bertenthal | $645.00 |
| Samuel R. Maizel | $625.00 |
| John D. Fiero | $625.00 |
| Steven J. Kahn | $625.00 |
| Ellen M. Bender | $625.00 |
| Daryl G. Parker | $625.00 |
| Bruce Grohsgal | $595.00 |
| Shirley S. Cho | $595.00 |
| Harry D. Hochman | $575.00 |
| Maxim B. Litvak | $550.00 |
| Victoria A. Newmark | $550.00 |
| Mary E. Lane | $550.00 |
| James E. O'Neill | $535.00 |
| Joshua M. Fried | $535.00 |
| Scotta E. McFarland | $525.00 |
| Gina F. Brandt | $525.00 |
| Hamid R. Rafatjoo | $525.00 |
| Jeffrey W. Dulberg | $525.00 |
| Beth E. Levine | $495.00 |
| Robert M. Saunders | $495.00 |
| Jason S. Pomerantz | $495.00 |
| Jonathan J. Kim | $495.00 |
| Malhar S. Pagay | $495.00 |
| Michael R. Seidl | $495.00 |

| Attorneys (cont.) | Billing Rate |
|---|---|
| Pamela E. Singer | $495.00 |
| Jeffrey P. Nolan | $495.00 |
| Nina L. Hong | $495.00 |
| Werner Disse | $495.00 |
| Gillian N. Brown | $475.00 |
| Maria Bove | $475.00 |
| William L. Ramseyer | $475.00 |
| Curtis A. Hehn | $475.00 |
| Miriam Khatiblou | $425.00 |
| Celine M. Guillou | $425.00 |
| Ilan D. Scharf | $425.00 |
| Kathleen P. Makowski | $395.00 |
| Timothy P. Cairns | $395.00 |
| Teddy M. Kapur | $395.00 |
| David A. Abadir | $350.00 |
| Cia H. Mackle | $295.00 |

| Paralegals | Billing Rate |
|---|---|
| Denise A. Harris | $225.00 |
| Kathleen F. Finlayson | $225.00 |
| Beth D. Dassa | $225.00 |
| Shawn A. Quinlivan | $225.00 |
| Patricia J. Jeffries | $225.00 |
| Louise Tuschak | $215.00 |
| Karina K. Yee | $215.00 |
| Patricia E. Cuniff | $215.00 |
| Margaret L. Oberholzer | $210.00 |
| Cheryl A. Knotts | $205.00 |
| Michael A. Matteo | $195.00 |
| Jorge Rojas | $195.00 |
| Thomas J. Brown | $195.00 |
| John F. Bass | $150.00 |

| Law Library Dir. | Billing Rate |
|---|---|
| Leslie A. Forrester | $250.00 |

| Law Clerks/Clerks | Billing Rate |
|---|---|
| Rita M. Olivere | $125.00 |
| Sheryle L. Pitman | $125.00 |
| Charles J. Bouzoukis | $115.00 |
| Andrea R. Paul | $115.00 |
| Karen S. Neil | $115.00 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

74584-002\DOCS_SF:64081.3        1

**SUMMARY OF RATES OF REIMBURSEMENT FOR EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP
EFFECTIVE JANUARY 1, 2009[1]**

| | |
|---|---|
| Facsimile Charges | |
|     Outgoing | $1.00 per page |
|     Incoming | $0.20 per page |
| Photocopy Charges | $0.20 per page |
| Mileage[2] | $0.55 per mile |
| Secretarial Overtime | Actual Cost |
| Court Filing Fees | Actual Cost |
| Court Reporter | Actual Cost |
| Messenger and Attorney Services | Actual Cost |
| Legal Research | Actual Cost |
| Postage/Express Mail | Actual Cost |
| Telephone | Actual Cost |
| Travel Expenses | Actual Cost |

---

[1] This summary lists expenses commonly billed by the Firm. Other expenses would typically be billed to the Firm's clients at the Firm's actual cost.

[2] The Firm only charges for associate, of counsel, and paralegal mileage, not shareholder mileage.

74584-002\DOCS_SF:64081.3            1

# Exhibit C

Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: hrafatjoo@pszjlaw.com
       psinger@pszjlaw.com

[Proposed] Attorneys for Right Start Acquisition Company
and Babystyle, Inc., Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: <br><br> RIGHT START ACQUISITION COMPANY,[1] <br><br> Debtor | Case No.: 09-11132 <br><br> Chapter 11 <br><br> (Jointly Administered) |
| In re: <br><br> BABYSTYLE, INC.[2] <br><br> Debtor <br><br> ☒ Affects all Debtors. | Case No.: 09-11141 <br><br> Chapter 11 <br> (Jointly Administered) <br><br> **NOTICE OF FILING APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL** <br><br> [NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)] |

**TO THE DEBTORS' SECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND ANY PARTY WHO FILED AND SERVED A REQUEST FOR SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that on March 2, 2009, Right Start Acquisition Company and Babystyle, Inc., debtors and debtors in possession herein (the "Debtors"), filed with the Court an

---

[1] The Debtor is Right Start Acquisition Company, a Delaware corporation, Federal Tax ID No. 38-3694284. The Debtor's address is 26635 Agoura Road, Suite 201, Calabasas, CA 91302.

[2] The Debtor is Babystyle, Inc., a Delaware corporation, Federal Tax ID No. 26-2823922. The Debtor's address is 1901 S. Bundy Drive, Los Angeles, CA 90025.

74584-002\DOCS_SF:64081.3            1

application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as general bankruptcy counsel to perform the following services in connection with these chapter 11 cases (the "Cases"):

    a. Advise the Debtors on the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United States Trustee pertaining to the administration of the estates;

    b. Prepare motions, applications, answers, orders, memoranda, reports, and papers, etc., in connection with the administration of the estates;

    c. Protect and preserve the estate by prosecuting and defending actions commenced by or against the Debtor and analyzing, and preparing necessary objections to, proofs of claim filed against the estates;

    d. Investigate and prosecute preference, fraudulent transfer, and other actions arising under the Debtors' avoidance powers; and

    e. Render such other advice and services as the Debtors may require in connection with these Cases.

A true and correct copy of the Application can be obtained by contacting Patricia J. Jeffries, Paralegal, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, (415) 263-7000, Facsimile (415) 263-7010, pjeffries@pszjlaw.com.

**PLEASE TAKE FURTHER NOTICE** that, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and this Court's rules, the Debtors propose to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The attorneys currently expected to be principally responsible for this matter, and their respective hourly rates effective as of January 1, 2009, are as follows: Hamid R. Rafatjoo ($525) and Pamela E. Singer ($495). The hourly rate for Patricia J. Jeffries, the paralegal assigned to these Cases, is $225. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached to the Application as Exhibit "B."

///

1 **PLEASE TAKE FURTHER NOTICE** that before the filing of these Cases, the Debtors provided the Firm with a $250,000 retainer. Of this $250,000 total retainer amount, $190,000 was set aside as a post-petition retainer and $60,000 was set aside as a pre-petition retainer. The Firm applied $48,558 in pre-petition fees against the pre-petition retainer and has $11,442 remaining in the pre-petition retainer to cover those pre-petition expenses which cannot be accounted for until some time during the post-petition period. Upon completion of its reconciliation of all pre-petition expenses, the Firm will "true-up" its bill, apply those expenses against the pre-petition retainer, and add any amounts remaining after the "true-up" to the post-petition retainer (the "Retainer").

**PLEASE TAKE FURTHER NOTICE** that it is contemplated that the Firm may seek interim compensation during these Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in these Cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and the *Guide to Applications for Retainers and Professional and Insider Compensation* issued by the Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and served upon

///
///
///
///
///
///
///

1  the Debtors, its proposed counsel, and the United States Trustee no later than 15 days from the date

2  of service of this notice.

3  **DATE OF SERVICE: March 2, 2009**

4  Dated:    March 2, 2009                    PACHULSKI STANG ZIEHL & JONES LLP

6  By   */s/ Hamid R. Rafatjoo*
       Hamid R. Rafatjoo
7      Pamela E. Singer
       [Proposed] Attorneys for Right Start
       Acquisition Company, and Babystyle, Inc.,
8      Debtors and Debtors in Possession

# Exhibit D

Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: hrafatjoo@pszjlaw.com
        psinger@pszjlaw.com

[Proposed] Attorneys for Right Start Acquisition Company
and Babystyle, Inc., Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| In re: | Case No.: 09-11132 |
|---|---|
| RIGHT START ACQUISITION COMPANY,[1] | Chapter 11 |
| Debtor | (Jointly Administered) |
| In re: | Case No.: 09-11141 |
| BABYSTYLE, INC.[2] | Chapter 11 (Jointly Administered) |
| Debtor | **[PROPOSED] ORDER APPROVING APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL** |
| ☒ Affects all Debtors. | [NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)] |

The Court has considered the application (the "Application")[3] of Right Start Acquisition Company and Babystyle, Inc., debtors and debtors in possession herein (the "Debtors"), to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as general bankruptcy counsel and the Declaration of Hamid R. Rafatjoo in support thereof. Based upon the record before the Court, it appears that the Firm does not hold or represent an interest adverse to the Debtors' estates, that the Firm is a

---

[1] The Debtor is Right Start Acquisition Company, a Delaware corporation, Federal Tax ID No. 38-3694284. The Debtor's address is 26635 Agoura Road, Suite 201, Calabasas, CA 91302.

[2] The Debtor is Babystyle, Inc., a Delaware corporation, Federal Tax ID No. 26-2823922. The Debtor's address is 1901 S. Bundy Drive, Los Angeles, CA 90025.

[3] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Application.

74584-002\DOCS_SF:64081.3

1

disinterested person, that its employment is in the best interest of the estates, and that no hearing on the Application is required pursuant to the Local Bankruptcy Rules. Accordingly, it is hereby

**ORDERED** that the Debtors are authorized to employ the law firm of Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel herein, effective as of the date of the commencement of these cases, on the terms and conditions set forth more fully in the Application and the accompanying Declaration of Hamid R. Rafatjoo.

Dated: _____

United States Bankruptcy Judge