1  Mette H. Kurth (SBN 187100)
   M. Douglas Flahaut (SBN 245558)
2  **ARENT FOX LLP**
   555 W. Fifth Street, 48th Floor
3  Los Angeles, CA 90017
   Telephone:    213.629.7400
4  Facsimile:    213.629.7401
   kurth.mette@arentfox.com
5  flahaut.douglas@arentfox.com

6  Counsel for the Official Committee of Unsecured
   Creditors for Right Start Acquisition Company and
7  BabyStyle, Inc.

8

9              **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11              **SAN FERNANDO VALLEY DIVISION**

12  In re:                          Case Nos.  1:09-bk-11132-MT and 1:09-bk-
                                     11141-MT [Jointly Administered under Case No.
13  **RIGHT START ACQUISITION**      1:09-bk-11132-MT]
    **COMPANY**,
14                                   **Chapter 11**
                Debtor
15                                   **ORDER CONFIRMING THE CREDITOR**
                                     **COMMITTEE'S FIRST AMENDED PLAN**
16  In re:                           **OF REORGANIZATION**

17  **BABYSTYLE, INC.**,                     __**Confirmation Hearing**__

18                                   Date:         November 22, 2010
                Debtor              Time:         10:00 a.m.
19                                   Courtroom:    302
                                                   21041 Burbank Blvd.
20  Affects only Right Start Acquisition          Woodland Hills, CA 91367
    Company
21
    Affects only Babystyle, Inc.
22
    X Affects both Debtors
23

24

25

26

27

28

LA/366734.1

FILED & ENTERED

DEC 13 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY williams   DEPUTY CLERK

**IN THIS DISTRICT, AT WOODLAND HILLS CALIFORNIA, ON THE DATE INDICATED BELOW:**

On November 22, 2010, this Court held a hearing regarding confirmation of the *Creditor Committee's First Amended Plan of Reorganization* [Doc. No. 497] (as modified or amended, and including all exhibits thereto, the "Plan"), which was filed by the Official Committee of Unsecured Creditors (the "Committee").    M. Douglas Flahaut appeared on behalf of the Committee, Jennifer Nassiri appeared on behalf of the above-captioned debtors (the "Debtors"), and Richard Esterkin appeared on behalf of secured creditor Wells Fargo Business Credit ("Wells Fargo").  No other appearances were made.

The Court has reviewed and considered:

- The Plan;

- The *First Amended Disclosure Statement for Liquidating Chapter 11 Plan for the Debtors (Dated September 30, 2010)* [Doc. No. 489] (the "Disclosure Statement");

- The solicitation materials previously approved by this Court and distributed to all parties entitled to vote to accept or reject the Plan, and the non-voting notice materials previously approved by the Court and distributed to all other parties entitled to notice;

- The various declarations of service filed in support of confirmation of the Plan;

- The *Memorandum of Points and Authorities in Support of Confirmation of the Creditor Committee's First Amended Plan of Reorganization* [Doc. No. 516];

- The *Declaration of Byron Moldo* [Doc. No. 517] (the "Moldo Declaration") filed in support of the Plan;

- The *Declaration of M. Douglas Flahaut Regarding Analysis and Tabulation of Ballots in Support of the Plan* [Doc. No. 521] (the "Ballot Tabulation") filed on November 15, 2010;

- The entire record in these cases; and

- All arguments and evidence that was presented at the November 22, 2010 confirmation hearing.

- 1 -

LA/366734.1

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      Based on its review and consideration of the pleadings and arguments listed above, the Court makes the following findings of fact and conclusions of law.  This Order constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rules 7052 and 9014.  Any finding of fact constitutes a finding of fact even if it is stated as a conclusion of law, and any conclusion of law constitutes a conclusion of law even if it is stated as a finding of fact.

B.      This matter is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334(a).  This proceeding's venue is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Committee provided notice of the Plan confirmation hearing and of the time fixed for filing objections to Plan confirmation to all entities entitled to receive that notice, including all of the Debtors' known creditors and interest holders.   That notice fully and adequately described the requested relief; was reasonable and appropriate; and complied in all regards with due process.  That notice also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) the Federal Rules of Bankruptcy Procedure, including Bankruptcy Rules 2002, 3017, 3018, and 3019; (c) the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California; and (d) all relevant Orders of the Court, including this Court's *Order (1) Approving the Committee's First Amended Disclosure Statement for Liquidating Chapter 11 Plan for the Debtors (Dated September 20, 2010); (2) Approving the Form of Certain Solicitation and Notice Materials; (3) Approving Solicitation, Voting Balloting and Notice Procedures; and (4) Setting Confirmation Hearing and Certain Deadlines in Connection with the Committee's Plan* [Doc. No. 513] (the "Solicitation Procedures Order").

D.      The Committee conducted its solicitation of acceptances or rejections of the Plan and the related distribution and tabulation of ballots with respect to that solicitation in good faith. In addition, the solicitation, distribution, and tabulation complied with the Solicitation Procedures Order; all applicable provisions of the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018); all applicable provisions of the Bankruptcy Code (including sections 1125 and 1126); and all other applicable laws, rules, and regulations.  Among other things, the Committee transmitted

the Plan and Disclosure Statement to all known Persons[1] who held Claims and/or Interests that are impaired under the Plan and who were therefore entitled to vote on the Plan.

E.    As enumerated below and as set forth in the Court's tentative ruling, the Plan satisfies all of the requirements of Bankruptcy Code 1129(a).

1.    11 U.S.C. § 1129(a)(1):  The Plan complies with all of the applicable provisions of the Bankruptcy Code, including sections 1122 and 1123.

2.    11 U.S.C. § 1129(a)(2): The Committee, as the proponent of the Plan, has complied with all of the Bankruptcy Code's applicable provisions, including making appropriate disclosures and complying with service requirements.

3.    11 U.S.C. § 1129(a)(3):  No objection to the Plan or confirmation of the Plan has been filed and the Committee has proposed the Plan in good faith and not by any means forbidden by law.

4.    11 U.S.C. § 1129(a)(4):  Section II.D of the Plan provides that Claims for Professional Fees will not be paid by the Creditor Trustees unless and until such fees are allowed by Final Order of the Bankruptcy Court.   This provision satisfies the Bankruptcy Code's requirement that payments for services or for costs and expenses in or in connection with a case, or in connection with a plan and incident to a case, must be approved by, or subject to the approval of, the Court as reasonable.

5.    11 U.S.C. § 1129(a)(5):  The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan.

6.    11 U.S.C. § 1129(a)(6):  The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan.

7.    11 U.S.C. § 1129(a)(7):  Each Person who holds a Claim or Interest in a Class that is impaired under the Plan either: (a) has accepted the Plan; or (b) will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than that Person would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  The requirements of section 1129(a)(7) are satisfied with respect to Classes 1, 2, 3, and 4 because they

---

[1] Capitalized terms not specifically defined herein are defined in the Plan.

are not impaired under the Plan.  Likewise, the requirements of section 1129(a)(7) are satisfied with respect to Class 5 as five of six voting creditors voted to accept the Plan and with respect to Class 6 because 16 of 17 voting creditors voted to accept the Plan.  With respect to the one Class 5 and one Class 6 creditor that voted to reject the Plan and the Class 7 and Class 8 creditors (which were deemed to reject the Plan because their interests were canceled), the requirements of section 1129(a)(7) also are satisfied because the distributions provided to Class 5, Class 6, Class 7, and Class 8 creditors are equal to or greater than the distributions that these Persons would receive if the Debtors were liquidated in a chapter 7 case.

8.      11 U.S.C. § 1129(a)(8):  Classes 1, 2, 3, and 4 are not impaired under the Plan and therefore are deemed to have accepted the Plan under Bankruptcy Code section 1126(f).  Classes 5, 6, 7 and 8 are impaired under the Plan.  However, because Classes 7 and 8 receive nothing under the Plan they are deemed to reject the Plan and were not entitled to vote.  Accordingly, only Classes 5 and 6 were entitled to vote on the Plan.  With respect to Classes 5 and 6, the Plan was accepted by at least two-thirds in amount and more than one-half in number of the Allowed Claims in these Classes that are held by non-insider creditors who timely submitted ballots on the Plan.  With respect to Classes 7 and 8, they are deemed to reject the Plan but are deemed to be "crammed down" as discussed below in the discussion of 11 U.S.C. § 1129(b).

9.      11 U.S.C. § 1129(a)(9):  The treatment of Administrative Claims, Priority Claims, and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).  First, Section V.A.1 of the Disclosure Statement provides, unless agreed otherwise, that Allowed Non-Professional Administrative Claims will be paid in cash, in the full amount, on the 10th Business Day after the Effective Date and this Order mandates such treatment.  Second, Section II.C.3-4 of the Plan provides, unless agreed otherwise, that allowed Priority Claims, other than Priority Tax Claims, will be paid in cash equal to the allowed amount of the claims plus post-petition interest, on or before the later of: (a) the Effective Date; or (b) the date on which the Priority Claim becomes an Allowed Priority Claim.  Third, Section II.F of the Plan provides, unless agreed otherwise, that holders of Allowed Priority Tax Claims will be paid,

over a period not exceeding five years from the Petition Date, deferred cash payments in the aggregate amount equal to the amount of the Allowed Priority Tax Claim, plus simple interest at the statutory rate from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim.  Fourth, section III.C.1-2 of the Plan provides, unless agreed otherwise, that holders of Allowed Class 1 or Class 2 Claims (Other Secured Creditors) shall receive one of the following treatments as soon as practicable after the Effective Date: (a) The Holder of an Allowed Class 1 or Class 2 Claim will receive the return of the collateral securing its Allowed Claim on which the holder has a senior, perfected and indefeasible lien or security interest; or (b) the Holder of an Allowed Class 1 or Class 2 Claim will receive the proceeds (up to the amount of the Allowed Class 1 or Class 2 Claim) from the sale or liquidation of such collateral on account of which the Holder has a senior, perfected and indefeasible lien or security interest, less the actual costs and expenses incurred in selling or liquidating the collateral, as full and complete satisfaction of the Holders' Class 1 or Class 2 Claim.

10.  11 U.S.C. § 1129(a)(10): Each of the impaired classes that were entitled to vote on the Plan have accepted the Plan.  Therefore, because Classes 5 and 6 are impaired and have voted to accept the Plan, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(10).

11.  11 U.S.C. § 1129(a)(11): The requirements of Bankruptcy Code section 1129(a)(11) are not applicable to the Plan.

12.  11 U.S.C. § 1129(a)(12): Section II.C of the Plan provides for payment in full of Allowed Administrative Claims.  Administrative Claims under the Plan include fees or charges assessed against the Debtors' estates under 28 U.S.C. § 1930.  The treatment of Administrative Claims under the Plan therefore satisfies the requirement of Bankruptcy Code section 1129(a)(12).

13.  11 U.S.C. §1129(a)(13): The requirements of Bankruptcy Code section 1129(a)(13) are not applicable to the Plan.

14.  11 U.S.C. §1129(a)(14): The requirements of Bankruptcy Code section 1129(a)(14) are not applicable to the Plan.

15. 11 U.S.C. §1129(a)(15): The requirements of Bankruptcy Code section 1129(a)(15) are not applicable to the Plan.

16. 11 U.S.C. §1129(a)(16): The requirements of Bankruptcy Code section 1129(a)(16) are not applicable to the Plan.

17. 11 U.S.C. §1129(b): Classes 7 and 8 consist of equity holders not receiving a distribution under the Plan and who are therefore deemed to reject the Plan. However, the Plan does not discriminate unfairly, and it is fair and equitable with respect to Classes 7 and 8. More specifically, Classes 7 and 8 consist of equity interests in the Debtors and (a) members of Classes 7 and 8 would receive nothing in a liquidation under chapter 7 on behalf of their interests and (b) there is no junior class of claimant retaining property under the Plan.

F. All settlements, compromises, and releases provided for in the Plan were negotiated at arm's length and in good faith and are fair, equitable, reasonable, and in the best interests of the Debtors, the Debtors' Estates, all creditors, and interest holders.

G. The Committee's modifications to the Plan as set forth in this Order comply in all respects with Bankruptcy Code section 1127(a) as well as all other applicable provisions of the Bankruptcy Code, and under Bankruptcy Rule 3019, these modifications are deemed accepted by all creditors and shareholders who previously voted to accept the Plan.

## ORDER

**NOW, THEREFORE, IT HEREBY IS ORDERED THAT:**

1. The Plan [Docket No. 497] is incorporated into this Order by reference as if it was attached as an Exhibit hereto, and such Plan and is hereby approved and CONFIRMED pursuant to Bankruptcy Code section 1129, *provided, however*, that if there is any conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control. Any objections to the Plan that have not been otherwise provided for herein are hereby overruled.

2. The *BabyStyle, Inc. Creditor Trust Agreement* [Exhibit A-1 to the Plan] is approved and incorporated into this Order as if it was attached as an Exhibit hereto.

3. The *Right Start Acquisition Company Creditor Trust Agreement* [Exhibit A-2 to the Plan] is approved and incorporated into this Order as if it was attached as an Exhibit hereto.

4.    The provisions of the Confirmed Plan and this Order will bind the Debtors, the Creditor Trustees, and all creditors and shareholders of the Debtors, whether or not the Claims or Interests of these entities are impaired under the Plan, whether or not these entities have voted to accept or reject the Plan, and whether or not these entities have filed proofs of Claim or Interest or are deemed to have filed proofs of Claim or Interest in the these chapter 11 cases.

5.    On the Effective Date the Committee will dissolve and its members will be released and discharged from all further duties and obligations arising from or related to the Chapter 11 Cases.  The Professionals retained by the Committee and members thereof will not be entitled to compensation or reimbursement of expenses for any services rendered after the Effective Date other than in connection with the preparation and filing of fee applications as required by the Bankruptcy Code and matters related thereto.   Persons who served as Professionals to the Creditors' Committee prior to the Effective Date may also continue to serve as Professionals to the Creditor Trustees.

6.    The Debtors, the Committee, and the Creditor Trustees, shall execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, this Order, and any and all other transactions contemplated under these documents.  To effectuate these transactions and the Plan, the Creditor Trustees, the Committee, and the Debtors are authorized—without further notice or application to or order of this Court— to execute, deliver, file, or record any documents and to take any other actions that those entities may determine to be necessary or desirable, regardless of whether such actions or documents are specifically referred to in the Plan or this Order.   To the extent that, under applicable nonbankruptcy law, any of these actions otherwise would require the consent or approval of the shareholders of the Debtors or of the directors or officers of the Debtors, this Order constitutes that consent and approval.

7.    Before the Effective Date, non-material modifications or amendments to the BabyStyle Creditor Trust Agreement and the Right Start Creditor Trust Agreement may be made without further notice or Court approval.  These non-material modifications may include but are not limited to changing the Creditor Trusts to reflect that SltnTrst LLC (an LLC owned and

operated by Peter Kravitz) shall serve as the Creditor Trustees.

8.      Except as otherwise provided in the Plan or in any agreements contemplated under the Plan, on the Effective Date all property of the BabyStyle Bankruptcy Estate will vest in the BabyStyle Liquidating Trust free and clear of all Claims, liens, encumbrances, or Interests and all property of the Right Start Bankruptcy Estate will vest in the Right Start Liquidating Trust free and clear of all Claims, liens, encumbrances, or Interests.  The Creditor Trustees shall administer the Creditor Trusts in accordance with the Plan and the Creditor Trust Agreements.

9.      Notwithstanding any provision of the Plan or this confirmation Order to the contrary, the setoff rights of the Texas Comptroller of Public Accounts are expressly preserved and are not in any way altered or impaired by the Plan.

10.      As set forth in section V.A.1 of the Disclosure Statement, and unless agreed otherwise, Allowed Non-Professional Administrative Claims shall be paid in cash, in the full amount, on the 10th Business Day after the Effective Date

11.      Commencing on the Effective Date, the Creditor Trustees may use, acquire, or dispose of property or settle or compromise Claims or Interests without Court supervision and free of any restrictions imposed by the Bankruptcy Code or Bankruptcy Rules, other than those restrictions that are specifically imposed on the Creditor Trustees by the Plan, this Order, and the Creditor Trusts.

12.      Subject to the limitations and conditions imposed under Bankruptcy Code section 1125(e), Persons who "in good faith and in compliance with applicable Bankruptcy Code provisions" either solicited Plan acceptances or rejections or participated in the offer, issuance, sale, or purchase of securities under the Plan will not be liable on account of their solicitation or participation for violation of any applicable law, rule, or regulation governing the solicitation of Plan acceptances or rejections or the offer, issuance, sale, or purchase of securities.

13.      Neither the Debtors, the Debtors' Estates, the Reorganized Debtors, Wells Fargo, the Committee, or any member of the Committee or any of their employees, officers, directors, agents, members, representatives, or professionals will have or incur any liability to any Person for any act taken or omission made in good faith and in compliance with the applicable provisions

1    of the Bankruptcy Code under, in connection with, or related to formulating, implementing,

2    confirming, or consummating the Plan, the Disclosure Statement, or any contract, instrument,

3    release, or other agreement or document created under or in connection with the Plan.

4         14.    Any Person who wishes to assert a Claim for Professional Fees must, on or before

5    60 days after the Effective Date, both file a motion requesting that the Creditor Trustees pay the

6    Professional-Fees Claim and serve this motion on the Creditor Trustees, counsel for the Debtor,

7    and counsel for the Committee.    Any entity that wishes to assert a Non-Professional

8    Administrative Claim must do so by the Non-Professional Administrative Claims Bar Date.

9         15.    The discharge and injunction provisions set forth in Sections VI.A and VI.B of the

10   Plan are approved and established.  These provisions will be finally effective only upon entry of a

11   final decree in these cases.

12        16.    This Court will retain jurisdiction as provided in Section III.C of the Plan.

13        17.    The Committee' Counsel or the Creditor Trustees (as appropriate) will mail a

14   notice of the entry of this Order and of the occurrence of the Effective Date to all creditors and

15   shareholders of record as of the date of entry of this Order.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

DATED: December 13, 2010

27   //

28   //

_____
United States Bankruptcy Judge

- 9 -

1  18.  A post-confirmation status conference will be held before this Court on January

2  27, 2011, at 9:30 a.m. to evaluate what progress has been made toward consummation of the

3  confirmed Plan. No later than 7 days prior to such status conference, the Committee' Counsel or

4  the Creditor Trustees (as appropriate) shall file a status report with the Court explaining what

5  progress has been made toward consummation of the confirmed Plan.  This initial status report

6  must be served on the United States Trustee, the Debtors, the twenty largest unsecured creditors,

7  and those parties who have requested special notice.

8  IT IS SO ORDERED

9  ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re: RIGHT START ACQUISITION COMPANY, | Debtor. | CHAPTER 11 |
|---|---|---|
| In re: BABYSTYLE, INC. | Debtor. | CASE NUMBER 1:09-bk-11132-MT and 1:09-bk-11141-MT [Jointly Administered under Case No. 1:09-bk-11132-MT] |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013.

A true and correct copy of the foregoing document described **[PROPOSED] ORDER CONFIRMING THE CREDITOR COMMITTEE'S FIRST AMENDED PLAN OF REORGANIZATION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **December 3, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 3, 2010 | Adriane Lark Madkin | */s/ Adriane Lark Madkin* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    **F 9013-3.1**

| | | |
|---|---|---|
| In re: RIGHT START ACQUISITION COMPANY, | Debtor. | CHAPTER   11 |
| In re: BABYSTYLE, INC. | Debtor. | CASE NUMBER  1:09-bk-11132-MT and 1:09-bk-11141-MT [Jointly Administered under Case No. 1:09-bk-11132-MT] |

## II.  SERVED BY U.S. MAIL OR OVERNIGHT:

## SERVED BY U.S. MAIL

Hon. Maureen A. Tighe,
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 325
Woodland Hills, California 91367

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9013-3.1

| In re: RIGHT START ACQUISITION COMPANY,    Debtor. | CHAPTER 11 |
|---|---|
| In re: BABYSTYLE, INC.    Debtor. | CASE NUMBER 1:09-bk-11132-MT and 1:09-bk-11141-MT [Jointly Administered under Case No. 1:09-bk-11132-MT] |

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER CONFIRMING THE CREDITOR COMMITTEE'S FIRST AMENDED PLAN OF REORGANIZATION,** WAS ENTERED ON THE DATE INDICATED AS "ENTERED" ON THE FIRST PAGE OF THIS JUDGMENT OR ORDER AND WILL BE SERVED IN THE MANNER INDICATED BELOW:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **December 3, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | | |
|---|---|---|
| In re: RIGHT START ACQUISITION COMPANY, Debtor. | | CHAPTER 11 |
| In re: BABYSTYLE, INC. | Debtor. | CASE NUMBER 1:09-bk-11132-MT and 1:09-bk-11141-MT [Jointly Administered under Case No. 1:09-bk-11132-MT] |

## I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradley D Blakeley on behalf of Creditor Google Inc.
bblakeley@blakeleyllp.com

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Shawn M Christianson on behalf of Interested Party Courtesy NEF'
cmcintire@buchalter.com

Lei Lei Wang Ekvall on behalf of Attorney LMC Right Start, Inc
lekvall@wgllp.com

Richard W Esterkin on behalf of Creditor WELLS FARGO BANK , N.A.
resterkin@morganlewis.com

Nancy Hotchkiss on behalf of Creditor The Roseville Fountains, L.P.
nhotchkiss@trainorfairbrook.com

Brian D Huben on behalf of Creditor RREEF Management Company
brian.huben@kattenlaw.com,
carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

Jay W Hurst on behalf of Creditor Texas Comptroller of Public Accounts
jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us

Monique D Jewett-Brewster on behalf of Creditor Oracle USA, Inc.
mjewett-brewster@buchalter.com

Gregory K Jones on behalf of Creditor Hope Sarkowsky
gjones@stutman.com

Karen Katros on behalf of Creditor City and County of Denver/Treasury
karen.katros@ci.denver.co.us

Stuart I Koenig on behalf of Creditor Anthem Blue Cross
Skoenig@cmkllp.com

Jeffrey A Krieger on behalf of Creditor Maxtana Avenue, LLC
jkrieger@ggfirm.com

Frank F McGinn on behalf of Interested Party Courtesy NEF
ffm@bostonbusinesslaw.com

Marlene M Moffitt on behalf of Creditor Partridge Creek Fashion Park
mmoffitt@allenmatkins.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

F
**9021-1.1**

| | |
|---|---|
| In re: RIGHT START ACQUISITION COMPANY, Debtor.<br><br>In re: BABYSTYLE, INC.                        Debtor. | CHAPTER 11<br><br>CASE NUMBER 1:09-bk-11132-MT and 1:09-bk-11141-MT [Jointly Administered under Case No. 1:09-bk-11132-MT] |

Byron Z Moldo on behalf of Creditor Arcadia Group (Hong Kong)
bmoldo@ecjlaw.com, tmelendez@ecjlaw.com

Zachary Mosner on behalf of Creditor Washington State Taxing Agencies
bcumosner@atg.wa.gov

Bennett Murphy on behalf of Creditor The Gilbert Company
murphyb@hbdlawyers.com

Kevin M Newman on behalf of Creditor The Shops at Legacy (Inland) Leasing, L.P.
knewman@menterlaw.com

William Novotny on behalf of Creditor VESTAR/KIMCO TUSTIN, L.P.
william.novotny@mwmf.com

Shai S Oved on behalf of Interested Party Courtesy NEF
ssoesq@aol.com

Steven G Polard on behalf of Creditor Bellevue Square, LLC
spolard@perkinscoie.com

Joseph F Postnikoff on behalf of Interested Party Courtesy NEF
jpostnikoff@gpalaw.com

Hamid R Rafatjoo on behalf of Debtor Babystyle, Inc.
hrafatjoo@venable.com,
ataylor@venable.com;revey@venable.com;jnassiri@venable.com;bclark@venable.com

Russell H Rapoport on behalf of Interested Party Russell Rapoport
rrapoport@prllplaw.com, lgillis@prllplaw.com

Pamela E Singer on behalf of Debtor Babystyle, Inc.
psinger@pszjlaw.com, ksuk@pszjlaw.com

Karen J Stapleton on behalf of Creditor County of Loudoun
Karen.Stapleton@loudoun.gov

James M Sullivan on behalf of Creditor Committee Official Creditors Committee O
sullivan.james@arentfox.com, sullivan.james@arentfox.com

Stephen C Tingey on behalf of Interested Party Courtesy NEF
stingey@rqn.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Joshua D Wayser on behalf of Creditor New Breed Logistics, Inc.
joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com

Elizabeth Weller on behalf of Creditor Dallas County
dallas.bankruptcy@publicans.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                            **F**
**9021-1.1**

In re: RIGHT START ACQUISITION COMPANY,                                                Debtor.

In re: BABYSTYLE, INC.                                                                          Debtor.

CHAPTER  11

CASE NUMBER  1:09-bk-11132-MT and
1:09-bk-11141-MT [Jointly Administered
under Case No. 1:09-bk-11132-MT]

## III.  TO BE SERVED BY THE LODGING PARTY:

### SERVED BY U.S. MAIL

Hon. Maureen A. Tighe,
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 325
Woodland Hills, California 91367

Craig Wenning
811 Scottsdale Drive
Richardson, TX 75080

Tiffany Yamamoto
1852 Orange Grove Road
Duarte, CA  91010

Katherine Bunker
Jennifer Brown
United States Trustee (SV)
21051 Warner Center Lane Ste 115
Woodland Hills, CA 91367

Right Start Acquisition Company
26635 Agoura Road
Suite 201
Calabasas, CA 91302

Internal Revenue Service
P. O. Box 21126
Philadelphia, PA  19114

California Franchise Tax Board
Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Securities Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA  90036

Steven D. Sass
307 International Circle, Suite 270
Hung Valley, MD 21030

Alfred M. Masse
Broadway Advisors, LLC
511 30th Street
Newport Beach, CA  92663

Marc Prince
MPA
13700 Van Ness Avenue
Gardena, CA  90249

Alan Parkinson, President
Pottytime
12007 Aspen Ridge Road
Sandy, UT  84094

Joe's Jeans, Inc.
Attn: Steve Harris
2340 S. Eastern Ave.
Commerce, CA  90040

Matt Hogan
1322 Scott St #102
San Diego, CA 92106

Margaret McGuire
3610 Shannon Way
Glendale, CA  91206

ARCO Genderal
c/o Robert Sprague
Law Offices of Robert Sprague
3701 Sacramento Street, Suite 292
San Francisco, CA  94118-1705

Linebarger Goggan Blair and Sampson LLP
Harris Montgomery and Fort Bend Counties
PO Box 3064
Houston, TX  77253-3064

Steven B. Flancher
PO Box 30754
Lansing, MI  48909

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F
9021-1.1